The opinion of the Court was delivered by
Mr. Justice Colcock.
The subscribing witness did not appear, and the handwriting of the obligor was satisfactorily proven. The act of 1802, 16th clause, declares, “ that absence of any witness to a boffit or note, shall not be deemed a good cause by any Court of Justice, for postponing atrial respecting the same; but that the signature to such bond or note may be proved by other testimony, unless the defendant, at the time of. filing his or her plea, shall swear or affirm, according to the form of his religious persuasion, that the signature of the bond or note in suit is not his or hers,” &c. The defendant in this case had not made an affidavit, swearing to such belief, and therefore, other testimony was clearly admissible. Upon *449 the second ground there is not now a doubt. The instrument is for a sum certain, though to be discharged in two ways; it is under the hand and seal of the defendant, the obligor, and is by himself called an obligation. It is what may be technically called a single bond. Debt is an action founded on an express contract, in which the certainty of the sum duly appears. (1 Esp.) The plaintiff has declared on the instrument, in tine usual words, “ his certain writing obligatory,” and has concluded with a proferí, and the instrument produced is the writing obligatory of the defendant. Upon the third ground I entertain as little doubt. As to the doctrine of the English law under the general issue, you may give in evidence any thing which proves the deed void at the time of pleading, such as erasure, interlineation, addition to, or other alterations of the deed, in a material point, by the obligor, or even by a stranger, without the privity of the obligor. In like manner, coverture or lunacy, at the time of the execution, or that the bond was given to a feme covert, and her husband disagreed to it, or that it was delivered as an escrow, or executed when he was so drunk that he did not know. But if the deed be voidable only as by infancy or duress, in these and the like cases, the obligor should not plead non est factum, for it is his deed at the time of action brought, and must be avoided by special pleading. (5 Rep. 119. 1 Selwyn, 562, 564.) The defendant *450 stated, that the bond was given for a negro, which afterwards was proved to be unsound. Here, ^ consideration existed, and the inquiry 7 1 . whether it was good and sufficient ? It is clear the bond was not void, but only voidable.
It is said, however, that a practice has prevailed in our Courts, of going into the want or failure of consideration, on the plea of the general issue. I am a stranger to the practice myself; but as it is said to exist, a new trial is granted, upon the condition that the defendant gives the plaintiff notice of his intention to give in evidence the want or failure of consideration, and that it be considered hereafter that such notice be always required in such cases.
Grimké, JVott, Cheves, Gantt, and Johnson, J. concurred.